OPINION
Defendant Ronald Leaks appeals a judgment of the Court of Common Pleas of Richland County, Ohio, convicting and sentencing him for aggravated murder in violation of R.C. 2903.01 and aggravated robbery in violation of R.C. 2911.01, each with a firearm specification. Appellant assigns two errors to the trial court:
 ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR I.
 MR. LEAKS WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION WHEN TRIAL COUNSEL FAILED TO CONDUCT PRETRIAL INVESTIGATION IN A REASONABLE MANNER.
ASSIGNMENT OF ERROR II.
 THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN THERE IS NO SUBSTANTIAL EVIDENCE UPON WHICH A TRIER OF FACT COULD REASONABLY CONCLUDE THAT THE ELEMENTS OF THE OFFENSES HAD BEEN PROVEN BEYOND A REASONABLE DOUBT.
At trial, the State's theory of the case was that appellant and his co-defendant robbed the Papa Johnnie's Drive Thru Pizza Restaurant, and shot one of the employees to death.
 I
In his first assignment of error, appellant argues he did not receive the effective assistance of counsel in his trial. In Strickland v. Washington (1984), 466 U.S. 668, the United States Supreme Court devised a two-prong test that requires an appellant to show both that counsel's representation falls below an objective standard of essential duty to his client, and also that counsel's substandard performance actually prejudiced the appellant's ability to receive a fair and reliable trial. The Ohio Supreme Court adopted the two-prong test, see State v. Bradley (1989), 42 Ohio St.3d 136. Appellant alleges his counsel failed to investigate and to object to the propriety of the photo arrays used to identify appellant as one of the perpetrators, and failed to investigate and object to the propriety of the method in which the surveillance video was enhanced, and later used to identify appellant. Appellant urges although numerous witnesses testified only one witness identified appellant and did so only after viewing an enhanced video tape of the incident and reviewing a set of photo arrays prepared by the police. We have reviewed the record, and we find the photo array was not preserved. The witness who identified appellant had been personally acquainted with the appellant for some time, and did not merely pick the appellant out of a photo array. The State also points out numerous other evidentiary factors in support of the jury's verdict that appellant was one of the robbers of Papa Johnnie's, see infra II. Having reviewed the record, we are convinced it does not support appellant's allegation his trial counsel was ineffective in the manner in which he conducted appellant's defense. Accordingly, the first assignment of error is overruled.
 II
In his second assignment of error, appellant urges the jury's verdict was against the manifest weight of the evidence. Appellant urges all the State's evidence is circumstantial, and does not demonstrate his guilt beyond a reasonable doubt. In State v. Jenks (1991), 61 Ohio St.3d 259, the Ohio Supreme Court held circumstantial evidence and direct evidence have the same probative value, and are subject to the same standard of proof. Our role in reviewing either circumstantial evidence or direct evidence is to examine the evidence to determine whether, if believed, such evidence would convince the average mind the defendant's guilt beyond a reasonable doubt, Jenks, syllabus by the court, paragraph two. Appellant reiterates his arguments of I, supra, regarding the likelihood of misidentification from the video tape and photo array. We have reviewed the record, and we find there is sufficient competent and credible evidence contained therein to warrant the jury's conclusion appellant was guilty beyond a reasonable doubt. The second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
WISE, J. and E. WISE, V.J. CONCUR.